1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 CLETE REO HART,

11            Plaintiff,                    No. CIV S-04-1424 MCE DAD P

12      vs.

13 CALIFORNIA MEDICAL FACILITY,
et al.,

14

           Defendants.              <u>ORDER</u>

15

16 _____/

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

18 rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's amended complaint.

19         Plaintiff was advised in the court's July 1, 2005 order that the court is required to

20 screen complaints brought by prisoners seeking relief against a governmental entity or officer or

21 employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff was also advised that he

22 must clearly identify his constitutional claims and must allege in specific terms how each named

23 defendant is involved in the claimed constitutional deprivation.  Plaintiff has failed to follow

24 these directives in his amended complaint.  Therefore, the court will dismiss the amended

25 complaint and provide plaintiff with one final opportunity to clarify his constitutional claims and

26 to provide sufficient allegations with respect to the involvement of each named defendant.

1    Below, the court will also provide plaintiff with the legal standards applicable to

2  each of the claims which he is apparently attempting to pursue.

3                              DEPRIVATION OF PROPERTY

4    Plaintiff alleges that he was asked to be an informant and to provide information

5  to prison officials regarding illegal drug dealings within the California Medical Facility.  He

6  alleges that he provided such information to defendants correctional officer Park and CCI Stubbs,

7  and had $100 withdrawn from his trust account for use in a drug sale as part of his efforts.

8  Plaintiff claims that he then requested a stop payment on the $100 withdrawal but his request was

9  not honored.  Plaintiff apparently seeks the return of these funds.[1]  This dispute over the loss of

10  funds is not cognizable.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (holding that

11  deprivation of a prisoner's property fails to state a claim under section 1983 because California

12  state law provides an adequate post-deprivation remedy); see also Hudson v. Palmer, 468 U.S.

13  517, 533 (1984).  Should plaintiff elect to file a second amended complaint, he should not

14  attempt to renew this claim.

15                              FALSE RULE VIOLATIONS

16    Plaintiff alleges that defendant Lt. Roszko found plaintiff guilty of rule violations

17  "that were false, lies, and fraud, involving inmates, staff, doctors, and officers throughout the

18  institution." (Am. Comp., at 8[2].)  According to plaintiff's allegations, defendant Cry fraudulently

19  rejected plaintiff's appeals.  (Id. at 9.)  In his second amended complaint, plaintiff must explain

20  the nature of the rule violations in question, provide factual allegations to support his contention

21  that the disciplinary actions were false and fraudulent, and explain the disposition of the rule

22

23    [1]  The court is skeptical of plaintiff's contention that funds from his trust account were
24  being used as part of informant activities on his part being carried out at the direction of prison
   officials.

25    [2]  The pages of plaintiff's amended complaint are not numbered in numerical order and
   begins with a page labeled "6".  Therefore, the court will refer to the pages of the amended
26  complaint in numerical order, beginning with page one for the first page.

1   violations as well as whether he lost time credits or other privileges.  To adequately state a due

2   process claim under the Fourteenth Amendment, plaintiff must identify the protected liberty

3   interest and the procedural protections he was not provided.  Plaintiff is advised that while

4   inmates retain certain due process rights in prison disciplinary hearings, Wolff v. McDonnell,

5   418 U.S. 539, 563-71 (1974), state laws and prison regulations that contain merely procedural

6   requirements, even if mandatory, do not give rise to a constitutionally cognizable liberty interest.

7   Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir. 1987).  Moreover, the United States

8   Supreme Court has held that state regulations give rise to a liberty interest protected by the Due

9   Process Clause of the federal constitution only where the regulations pertain to "freedom from

10   restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary

11   incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

12                      FAILURE TO PROCESS INMATE GRIEVANCES

13          Plaintiff alleges that on several occasions he attempted to use the grievance

14   process but that his grievances were not processed, were lost, went unanswered or were denied.

15   This claim is not cognizable because "inmates lack a separate constitutional entitlement to a

16   specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

17   (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  In addition, the regulations that

18   establish California's inmate grievance system merely procedural requirements which cannot

19   form the basis of a constitutionally cognizable liberty.  Washington v. Woodford, No. C 05-2889

20   SI(PR), 2005 WL 3096116, at *3-4 (N.D.Cal., Nov. 14, 2005) (citing Smith v. Noonan, 992 F.2d

21   987, 989 (9th Cir.1993) and Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir.1996)).  Plaintiff

22   should not attempt to renew this claim in any second amended complaint filed with the court

23                                    MAIL TAMPERING

24          Plaintiff claims that on a regular basis his outgoing mail has been returned

25   because it was misaddressed, and that he has had problems receiving his magazines and legal

26   mail.  To the extent that plaintiff may be attempting to raise a claim that he is being denied

1   access to courts, he must also allege facts demonstrating that he suffered an actual injury.  <u>Lewis</u>

2   <u>v. Casey</u>, 518 U.S. 343, 351 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977); <u>Vandelft v.</u>

3   <u>Moses</u>, 31 F.3d 794, 796 (9th Cir. 1994).  "Actual injury" means a "specific instance in which an

4   inmate was actually denied access to the courts."  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir.

5   1989).

6                                                              CONSPIRACY

7                Plaintiff contends that for 46 years, there has been a "conspiracy against <u>my</u>

8   rights[.]"  (Am. Compl. at 10.)  It may be that plaintiff is thereby attempting to state a claim that

9   he has been victimized by an unlawful conspiracy.  Plaintiff is advised that in order to prevail on

10  a conspiracy claim under § 1983, a plaintiff must allege and prove some deprivation of a

11  constitutional right which resulted from the alleged conspiracy.  <u>See</u> <u>Woodrum v. Woodward</u>

12  <u>County, Okla.</u>, 866 F.2d 1121, 1126 (9th Cir. 1989).  "A conspiracy occurs only when the parties

13  have reached 'a unity of purpose or a common design and understanding, or a meeting of minds

14  in an unlawful arrangement.'"  <u>William Inglis & Sons Baking Co. v. ITT Continental Baking</u>

15  <u>Co.</u>, 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting <u>American Tobacco Co. v. United States</u>, 328

16  U.S. 781, 809-10 (1946)).  Thus, plaintiff must allege facts demonstrating that there was an

17  agreement by the defendants to violate his constitutional rights.  <u>See</u> <u>Woodrum</u>, 866 at 1126;

18  <u>Fonda v. Gray</u>, 707 F.2d 435, 438 (9th Cir. 1983).  While it is not necessary to allege that each

19  participant in a conspiracy knew the exact parameters of the plan, they must at least share the

20  general conspiratorial objective.  <u>See</u> <u>Fonda</u>, 707 F.2d at 438; <u>see</u> <u>also</u> <u>Margolis v. Ryan</u>, 140

21  F.3d 850, 853 (9th Cir. 1998).  In his second amended complaint, plaintiff must provide more

22  detailed factual allegations in support of any such claim.  A broad statement that a conspiracy has

23  existed for 46 years is not sufficient.

24                                                      IMPROPER DEFENDANTS

25                In the court's July 1, 2005 order, plaintiff was advised that the "Trust Account

26  Office" and "Mailroom Representatives" were not proper defendants in this action because the

4

1  court could not determine if they were one or more persons and because the description provided

2  was insufficient to effect service.  In his amended complaint, plaintiff has again named these

3  same defendants.  Plaintiff is advised that should he rename these defendants in his second

4  amended complaint, the court will recommend their dismissal.  In addition, plaintiff has named

5  the California Department of Corrections as a defendant.  An action against this agency is not

6  cognizable.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (suit against state agency is barred

7  by the Eleventh Amendment).

8                                            LEAVE TO AMEND

9            If plaintiff chooses to file a second amended complaint, he must allege facts

10  demonstrating how the conditions complained of have resulted in a deprivation of plaintiff's

11  constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second

12  amended complaint must allege in specific terms how each named defendant is involved.  There

13  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

14  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

15  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

16  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

17  civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

18  1982).

19            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

21  an amended complaint be complete in itself without reference to any prior pleading.  This is

22  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux

23  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

24  prior pleadings no longer serve any function in the case.  Therefore, in a second amended

25  complaint, as in an original complaint, each claim and the involvement of each defendant must

26  be sufficiently alleged.

1           In accordance with the above, IT IS HEREBY ORDERED that:

2           1.  Plaintiff's amended complaint, filed on July 14, 2005, is dismissed.

3           2.  Plaintiff is granted thirty days from the date of service of this order to file a

4    second amended complaint that complies with the requirements of the Civil Rights Act, the

5    Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

6    must bear the docket number assigned this case and must be labeled "Second Amended

7    Complaint"; failure to file a second amended complaint in accordance with this order will result

8    in a recommendation that this action be dismissed.

9           3.  The Clerk of the Court is directed to provide plaintiff with the court's form

10   complaint for a § 1983 claim.

11   DATED: May 30, 2006.

12

13   _____

14   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

15   DAD:4
     hart1424.14b

16

17

18

19

20

21

22

23

24

25

26